**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RODNEY BOYD,** on behalf of himself and others similarly situated, | : | |
| | : | |
| | : | **Civil Action 2:24-cv-3712** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| v. | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| **HERU SECURITY LLC,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

**I.   BACKGROUND**

This matter is before the Court on Plaintiff Rodney Boyd's Application for Entry of Default. (ECF No. 49). Plaintiff, individually and on behalf of others similarly situated, filed his First Amended Collective and Class Action Complaint on May 8, 2025, alleging violations of the Fair Labor Standards Act by his former employer, Defendant Heru Security. (ECF No. 33). On May 16, 2025, however, the Magistrate Judge granted defense counsel, Marlon Prime's, motion to withdraw as counsel. (ECF No. 37). Defendant was left unrepresented and was cautioned that it must obtain counsel. (*Id.*). The Court ordered Defendant to secure counsel and provide notice of same on or before June 6, 2025. (*Id.*). On June 10, 2025, the Magistrate Judge noted that Defendant missed the deadline to secure new counsel and provide notice. (*Id.*). As such, Defendant was ordered to show cause by June 24, 2025, as to why the Court should not impose sanctions such as default judgment. (ECF No. 40). Defendant failed to respond. Again, on July 22, 2025, Defendant was ordered to show cause within fourteen (14) days as to why a default judgment should not be entered against it, yet failed to respond. (ECF No. 45).

**II.  LAW AND ANALYSIS**

1

Pursuant to Federal Rule of Procedure 37(b)(2)(A)(vi), a district court is entitled to render a default judgment against a disobedient party that fails to comply with a court order. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi). "Entry of default judgment against a disobedient party is a sanction of last resort, and may not be imposed unless noncompliance was due to willfulness, bad faith, or fault." *McKinney v. Carlton Manor Nursing & Rehab. Ctr., Inc.*, 2014 WL 4684561, at *1 (S.D. Ohio Sept. 19, 2014), *report and recommendation adopted*, 2015 WL 1637446 (S.D. Ohio Apr. 13, 2015)(internal citations and quotation marks omitted). When determining the appropriateness of granting a default judgment as a sanction, the Sixth Circuit has required that district courts consider: "1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and 4) whether less drastic sanctions were imposed or considered." *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)).

Here, this Court finds that all four factors are satisfied. First, Heru Security has been given multiple opportunities to comply with this Court's orders and has been repeatedly warned that it was at risk of having a default entered against it. Despite such, Heru Security continues to ignore Court orders which goes to this Court's finding that the Defendant has acted willfully. Thus, factors one and three are satisfied. *See Clark v. Parker*, 2026 WL 1294557, at *2 (N.D. Ohio May 12, 2026) (finding the first and third factors satisfied where the defendant failed to attend multiple status conferences and show cause hearings and offered no explanation despite warnings that sanctions might result). As a result, Plaintiff has been unable to adjudicate his claims and has certainly been prejudiced. Thus, the second factor is also satisfied. As to the fourth factor, given the Defendant has entirely stopped participating in this litigation and has been unresponsive to

2

multiple show cause orders, this Court does not find that lesser sanctions would be fruitful at this stage. *See Wade Farms, LLC v. Ceed2Med, LLC*, 2021 WL 2546721, at *4 (W.D. Ky. June 21, 2021) (finding default judgment appropriate where "the Court did utilize the less drastic sanction of a show cause order" but the lesser sanction was not effective). As such, this Court finds that Heru Security's willful disobedience and refusal to obtain counsel warrants the last resort sanction of a default judgment.

### III. CONCLUSION

For the reasons stated above, Default judgment is **ENTERED** against Defendant Heru Security on Plaintiff's claims with respect to damages. Damages owed pursuant to the default judgment will be determined by the Court upon review of appropriate affidavits and documentary evidence submitted by Plaintiff. Plaintiff is **ORDERED** to submit appropriate affidavits and documentary evidence demonstrating the damages it is owed within fourteen (14) days of entry of this order.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATE:  June 24, 2026**

3